IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 15-21 J |
| v. | ) | |
| | ) | |
| JOHN H. JOHNSON | ) | |

INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Stephanie L. Haines, Assistant United States Attorney for said district, and submits the following Indictment Memorandum to the Court:

I.   THE INDICTMENT

A federal grand jury returned an eleven-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-11 | Willful failure to remit employment taxes beginning on or about July 1, 2013, and continuing up to and including on or about December 31, 2014 | 26 U.S.C. § 7202 |

II.   ELEMENTS OF THE OFFENSE

A.   As to Counts One through Eleven:

In order for the crime of willful failure to remit employment taxes, in violation of Title 26, United States Code,

1

Section 7202, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    The defendant had a duty to collect and/or to truthfully account for and pay over taxes.

    2.    The defendant failed to collect, or truthfully account for and pay over taxes.

    3.    The defendant acted willfully.

    United States v. Thayer, 201 F.3d 214, 219-220 (3d Cir. 1999). 530 U.S. 1244 (2000).

### III.   PENALTIES

A.    As to each of Counts One through Eleven: Willful failure to remit employment taxes, in violation of Title 26, United States Code, Section 7202.

    1.    Imprisonment of not more than 5 years (26 U.S.C. §7202);

    2.    A fine of $10,000 (26 U.S.C. §7202);

    3.    The costs of prosecution (26 U.S.C. §7202);

    4.    A term of supervised release of three (3) years (18 U.S.C. §3583(b)(2)).

### IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed for each count in the indictment for which the defendant is convicted,

pursuant to 18 U.S.C. §3013, as the offenses occurred on or after April 24, 1996.

## V.   RESTITUTION

Restitution is not applicable in this case.

## VI.   FORFEITURE

Not applicable in this case.

>Respectfully submitted,
>
>DAVID J. HICKTON
>United States Attorney
>
>
>STEPHANIE L. HAINES
>Assistant U.S. Attorney
>WV 9249